1

2    **WO**

3

4

5

6

7                    **IN THE UNITED STATES DISTRICT COURT**

8                        **FOR THE DISTRICT OF ARIZONA**

9

10   Michael Joe Murdaugh,              )     No. MC-05-107-PHX-CKJ
                                        )
11              Petitioner-Applicant,   )
                                        )
12   vs.                                )
                                        )     **ORDER**
13                                      )
     Dora B. Schriro, Director, Arizona )
14   Department of Corrections,         )
                                        )
15              Respondent.             )
                                        )
16   _____)

17

18          John Edward Sansing ("Petitioner") is an Arizona prisoner under sentence of death.

19   On September 27, 2005, Petitioner filed a *pro se* motion for appointment of counsel pursuant

20   to 21 U.S.C. § 848(q)(4)(B).  The motion states that, although he has not yet exhausted state

     remedies, extraordinary circumstances justify early appointment of federal habeas counsel.
21
     The motion indicates that the Federal Public Defender is available for such appointment.  For
22
     the reasons set forth herein, the motion is denied.
23
                                   **BACKGROUND**
24
            In 2001, Petitioner pled guilty to kidnapping, robbery and first degree murder.  The
25
     trial judge sentenced him to death for the murder.  On direct appeal, the Arizona Supreme
26
     Court affirmed both the conviction and capital sentence.  State v. Murdaugh, 209 Ariz. 19,
27
     97 P.3d 844 (2004), cert. denied, 125 S. Ct. 1298 (2005).  In doing so, the court considered
28

1    the impact of the U.S. Supreme Court's decision in Ring v. Arizona, 536 U.S. 584 (2002),

2    which invalidated Arizona's capital-sentencing scheme to the extent that it provided for a

3    judge, not a jury, to determine capital-eligibility factors.   The court determined that

4    sentencing by a judge in Petitioner's case was harmless error.   Murdaugh, 209 Ariz. at 37,

5    97 P.3d at 862.

6         In October 2004, the Arizona Supreme Court appointed counsel to represent Petitioner

7    in state post-conviction-relief ("PCR") proceedings.   This appointment was made pursuant

8    to Rule 32.4 of the Arizona Rules of Criminal Procedure, which was amended in 2000 to

9    provide for the appointment of PCR counsel "[a]fter the Supreme Court has affirmed a

10   defendant's conviction and sentence in a capital case."  Ariz. R. Crim. P. 32.4(c)(1); see also

11   A.R.S. § 13-4041(B), as amended by Laws 1999, Ch. 261 § 41 (West 2001) (directing

12   appointment of PCR counsel after the supreme court "has affirmed" a capital defendant's

13   conviction and sentence).[1]  Formal notice of PCR with the superior court, as required by

14   Arizona's Rule 32.4(a), was initiated by the Arizona Supreme Court in March 2005,

15   following denial of a petition for certiorari by the United States Supreme Court and issuance

16   of the appellate mandate.   See Ariz. R. Crim. 32.4(a).   The PCR court authorized expert

17   resources to assist counsel, and Petitioner filed a PCR petition in November 2005, which is

18   still pending before the state court.

19

20   _____

21      [1]    Former § 13-4041(B) provided for the appointment of PCR counsel only after "the
     mandate affirming a defendant's conviction and sentence in a capital case is issued." A.R.S.

22   § 13-4041 (B) (West Supp. 1998).  Former Rule 32.4(c) provided for appointment of counsel
     upon the filing of a "timely notice" of post-conviction relief.  Ariz. R. Crim. P. 32.4(c) (West

23   1998).  In capital cases, notice of PCR is filed automatically by the Arizona Supreme Court
     "upon issuance of a mandate affirming the defendant's conviction and sentence on direct

24   appeal." Ariz. R. Crim. P. 32.4(a) (West 1998 & Supp. 2005).  The amendments to § 13-
     4041(B) and Rule 32.4(c) result in immediate appointment of PCR counsel, prior to formal

25   conclusion of appellate proceedings via issuance of a mandate.  See Ariz. R. Crim. P.

26   31.23(b)(1) (West 1998) (providing in capital cases for automatic stay of mandate pending
     petition for certiorari to the U.S. Supreme Court or the running of time for seeking certiorari).

27   Ostensibly, these amendments were implemented to provide PCR counsel a "head start" in

28   preparing for probable PCR proceedings.

1

2
## DISCUSSION

3          Petitioner's motion asserts that, although state PCR proceedings are not yet complete,

4   appointment of federal habeas counsel is necessary because he is uncertain whether the "opt-

5   in" provisions of Chapter 154 of the Antiterrorism and Effective Death Penalty Act

6   ("AEDPA"), 28 U.S.C. §§ 2261-66, will apply to his case when (and if) he pursues federal

7   habeas relief.  Specifically, Petitioner is concerned that Chapter 154's six-month statute of

8   limitations, rather than the one-year limit set forth in 28 U.S.C. § 2244(d),  may apply to the

9   filing of any habeas application.  Consequently, Petitioner argues that "habeas counsel must

10  begin reviewing state court proceedings, investigating the case, and drafting the petition

11  before commencement of proceedings in this Court."  (Mot. at 3.)

12         In support of his motion, Petitioner relies on 21 U.S.C. § 848(q)(4)(B), which provides

13  for the appointment of counsel in capital habeas cases, the Supreme Court's decision in

14  McFarland v. Scott, 512 U.S. 849 (1994), and two published district court decisions, Death

15  Row Prisoners of Pennsylvania v. Ridge, 948 F. Supp. 1278, 1281 (E.D. Pa. 1996), and U.S.

16  ex rel. Whitehead v. Page, 914 F. Supp. 1541, 1543 (N.D. Ill. 1995).  In relevant part, §

17  848(q)(4)(B) provides:

18         In any post conviction proceeding under section 2254 or 2255 of Title 28,
           seeking to vacate or set aside a death sentence, any defendant who is or
19         becomes financially unable to obtain adequate representation . . . shall be
           entitled to the appointment of one or more attorneys . . . .
20
21  U.S.C. § 848(q)(4)(B).  In McFarland v. Scott, the Court construed this statutory right to

21  counsel to include the right to legal assistance prior to the filing of a formal habeas corpus

22  petition and concluded that "a 'post conviction proceeding' within the meaning of

23  § 848(q)(4)(B) is commenced by the filing of a death row defendant's motion requesting the

24  appointment of counsel for his federal habeas corpus proceeding."  512 U.S. at 856-57.

25  However, neither the statute nor McFarland address the issue presented here: whether the

26  right to counsel under § 848(q) attaches prior to the completion of state post-conviction

27  proceedings.  This Court concludes that it does not.

28

1   First, an application for habeas corpus relief may not be granted unless it appears that

2   all remedies in state court have been exhausted.  28 U.S.C. § 2254.  This requirement is

3   premised on the doctrine of comity, which provides that state courts should have the first

4   opportunity to decide a petitioner's claims.  Rose v. Lundy, 455 U.S. 509, 518-19 (1982);

5   Rhines v. Weber, 125 S. Ct. 1528, 1534 (2005) (reaffirming Lundy's "simple and clear

6   instruction to potential litigants: before you bring any claims to federal court, be sure that you

7   first have taken each one to state court") (citing Lundy, 455 U.S. at 520).  One of the

8   principals underlying the comity doctrine is the recognition that a petitioner may win relief

9   in state court, thereby mooting any basis for federal habeas relief.  Consequently, while a

10  petitioner's claims are pending in state court, it is premature to authorize federal resources

11  to prepare a petition that may not be necessary.

12  Second, Justice Blackmun, who authored the majority opinion in McFarland v. Scott,

13  recognized that the right to counsel under § 848(q) generally attaches only after state

14  remedies have been exhausted.  In a dissent from the Court's order denying certiorari in a

15  separate petition filed by McFarland, the justice wrote: "The right to qualified legal counsel

16  in federal habeas corpus proceedings bestowed by § 848(q)(4)(B) is triggered only after a

17  capital defendant has completed his direct review and, generally, *some form of state*

18  *postconviction proceeding*."  McFarland v. Scott, 512 U.S. 1256, 1263 (1994) (Blackmun,

19  J., dissenting) (emphasis added).  This view is supported by the district court decisions relied

20  on by Petitioner.

21  In Death Row Prisoners of Pennsylvania v. Ridge, a class of death row prisoners

22  sought a declaratory judgment that the Commonwealth of Pennsylvania was not an "opt-in"

23  jurisdiction and moved for appointment of counsel under § 848(q)(4)(B).  The court denied

24  the appointment of counsel after determining that the statutory right to counsel is triggered

25  only upon exhaustion of state court remedies.  948 F. Supp. at 1281; accord Moseley v.

26  Freeman, 977 F. Supp. 733, 734 (M.D. N.C. 1997) ("The statutory procedure of Section

27  848(q)(4)(B) presupposed that the petitioner has a present right to file a Section 2254 post-

28  conviction proceeding.  This normally occurs when state post-conviction proceedings have

1  been exhausted."); <u>U.S. ex rel. Whitehead v. Page</u>, 914 F. Supp. 1541 (N.D. Ill. 1995)

2  ("[N]othing in <u>McFarland</u> would allow this court to construe 21 U.S.C. § 848(q)(4)(B) so

3  broadly as to authorize appointment of counsel for Whitehead to prepare a federal habeas

4  corpus petition for filing in federal court when the state court has the arguments he wishes

5  to present under advisement. Having yet to exhaust state remedies, Whitehead has no present

6  need to prepare a federal habeas corpus petition.").

7      Petitioner correctly notes these cases recognize an exception to the exhaustion rule for

8  appointment of counsel in "extraordinary circumstances." <u>Moseley</u>, 977 F. Supp. at 734;

9  <u>Death Row Prisoners of Pennsylvania</u>, 948 F. Supp. at 1281 (citing <u>Whitehead</u>, 914 F. Supp.

10  at 1543). However, the only explanatory reference regarding "extraordinary circumstances"

11  in these cases is to the separate holding in <u>McFarland v. Scott</u> that a capital prisoner need not

12  file a formal habeas petition to establish a federal court's jurisdiction to enter a stay of

13  execution. For example, in <u>Whitehead</u>, the court noted that, unlike the petitioner in

14  <u>McFarland</u>, Whitehead was not facing an imminent execution date and had an attorney

15  representing him in state court. 914 F. Supp. at 1543. In <u>Moseley</u>, the court cited only

16  <u>McFarland</u>'s "stay of execution" discussion in support of its statement that pre-exhaustion

17  appointment of counsel may be made in extraordinary circumstances. 977 F. Supp. at 734.

18      Here, Petitioner does not face imminent execution; indeed, no warrant for execution

19  has issued from the state court. In addition, Petitioner is represented in his state PCR

20  proceedings by court-appointed counsel. Petitioner's claim of exceptional circumstances for

21  appointment of federal habeas counsel prior to completion of state post-conviction

22  proceedings rests solely on the "uncertainty as to whether this case will be subject to Chapter

23  154 of the AEDPA's abbreviated limitations periods for bringing and processing action in

24  federal court." (Mot. at 8.) The fact that Petitioner's case may be an "opt-in" is itself

25  insufficient to justify premature appointment of habeas counsel. If that were the case, every

26  potential opt-in petitioner would be entitled to such counsel, in contravention of the intent

27  of Congress in creating Chapter 154. <u>See</u> H.R.Rep. No. 23, 104th Cong., 1st Sess. 10 (1995)

28  (describing creation of special capital litigation procedures as a "quid pro quo" arrangement

under which states are accorded stronger finality rules on federal habeas review in return for strengthening the right to counsel for indigent capital defendants).

Moreover, both the one-year and 180-day statutes of limitation are tolled during the pendency of state post-conviction proceedings.  Under 28 U.S.C. § 2244(d)(2), the one-year limitation period for habeas petitions filed by state prisoners is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2).  The abbreviated 180-day limitation period applicable to capital prisoners in states that have opted in to the provisions of Chapter 154 of Title 28 is tolled "from the date on which the first petition for post-conviction review or other collateral relief is filed until the final State court disposition of such petition."  28 U.S.C. § 2263(b)(2). Thus, it appears that, under either statute of limitations, Petitioner's federal filing deadline is presently tolled.

**CONCLUSION**

Under the circumstances of the present case – Petitioner faces no imminent execution date, he is represented by counsel in state court, and the habeas statute of limitations appears to be tolled – the Court finds that appointment of federal habeas counsel is not required at this time.  While capital prisoners do have a statutory right to pre-petition appointment of counsel for habeas proceedings, Petitioner has cited no authority suggesting this right attaches before state remedies have been exhausted, absent circumstances not present here. The Court therefore denies Petitioner's motion for appointment of federal habeas counsel as premature.

Based on the foregoing,

**IT IS ORDERED** that Petitioner's Pro Se Motion for Appointment of Counsel (Dkt. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively terminate this Miscellaneous Case and shall provide a copy of this Order to:  Petitioner Michael Joe Murdaugh; Dale Baich, Assistant Federal Public Defender; Kent Cattani, Assistant Arizona Attorney General; and the Clerk of the Arizona Supreme Court, 1501 W.

1   Washington, Phoenix, AZ 85007-3329.

2

3        DATED this 15th day of December, 2005.

4

5

6

7

8

9

10                                    _____
                                      Cindy K. Jorgenson
11                                    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28